

# The Attorney General of Texas

July 29, 1983



**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

.20 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No. JM-51

Re:   Whether a constable may charge the Industrial Accident Board fees for serving subpoenas issued in connection with administrative hearings

Dear Mr. Driscoll:

You have requested our opinion as to whether a constable may "charge the Industrial Accident Board fees for serving subpoenas issued by the board in connection with its administrative hearings."

The board or any member is authorized to subpoena witnesses, article 8307, section 4, V.T.C.S., and constables are empowered to "execute and return. . . all process, warrants and precepts" directed to them "by any lawful officer," article 6885, V.T.C.S.

In Attorney General Opinion MW-209 (1980), this office held that sheriffs and constables are not entitled to receive fees from the Industrial Accident Board for serving subpoenas issued by the board. That opinion was based on article 3933a, V.T.C.S., which established a fee schedule for sheriffs and constables and provided, in pertinent part:

> For each person, corporation or legal entity on whom service of citation, subpoena, summons, or process not otherwise provided for, is performed or attempted and return made, including mileage, if any, a fee of:
>
> (a)  Small Claims Courts    $ 5.00
> (b)  Justice Courts           8.00
> (c)  All other Courts        10.00

The opinion reasoned that, since it had been consistently held that an administrative agency is not a "court," and since statutes are strictly construed against allowing a fee by implication, a sheriff or constable was not entitled to a fee for serving subpoenas issued by the board.

Article 3933a was repealed in 1981.  Acts 1981, 67th Leg., ch. 379, at 1001, §2(b).  Article 3926a, V.T.C.S., now provides:

> (a)  The commissioners court of each county may set reasonable fees to be charged by the offices of sheriffs and constables.
>
> (b)  A commissioners court may not set fees higher than is necessary to pay the expenses of providing the services.

In view of the repeal of article 3933a and the enactment of article 3926a to allow a commissioners court to set "reasonable fees. . . for services by the offices of sheriffs and constables," we must conclude that a Harris County constable is now entitled to charge the Industrial Accident Board fees for serving subpoenas issued by the board, provided the commissioners court of Harris County so authorizes.  Attorney General Opinion MW-209 is overruled to the extent of conflict.

## S U M M A R Y

Pursuant to article 3926a, V.T.C.S., and the repeal of article 3933a, V.T.C.S., a Harris County constable is entitled to charge the Industrial Accident Board fees for serving subpoenas issued by the board, provided the commissioners court of Harris County so authorizes.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Acting Chairman
Jon Bible
David Brooks
Colin Carl
Jim Moellinger